993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James David SPEARS, Defendant-Appellant.
 No. 92-5051.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 29, 1992
Decided: May 4, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-91-47)
 Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Robert E. Skiver, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James David Spears pled guilty to conspiracy to import cocaine (21 U.S.C. § 963 (1988)). He appeals his sentence, alleging that he was not a manager or supervisor in the offense and that the court failed to make findings justifying the disparity between his sentence, imposed at the high end of the guideline range, and those of equally culpable co-defendants. We affirm.
 
 
 2
 While Spears was serving in the Army and stationed in Panama, he and his friend, Joseph ("Jaguar") Williams, transported a total of ten kilograms of cocaine from Panama to a person in New York, where they were paid for making the delivery. When Spears left the Army in October 1989, he carried nine and a half kilograms with him on the plane, which he again delivered to a person in New York. He also shipped cocaine to the United States hidden in his personal belongings. After Spears settled in Georgia, Williams and the Panamanian who had supplied the cocaine came to his home and picked it up. Spears then began receiving packages of cocaine mailed by three servicemen still in Panama who were working with Williams. Cocaine was also being mailed to relatives of one of the servicemen in North Carolina, which was collected by Williams. On receiving a package of cocaine, Spears would contact Williams and get instructions from their contact in New York to deliver it to individuals in Atlanta. Spears was well-paid for his services and sent large amounts of cash to his wife in California, who deposited the money in several bank accounts and also bought real estate.
 
 
 3
 During the summer of 1990, the servicemen in Panama were arrested. Several months later, Spears' wife was charged with money laundering in California. Spears himself was eventually arrested and pled guilty to conspiring to import cocaine. He conceded that he was personally responsible for the importation of approximately 394.5 kilograms of cocaine. The conspiracy as a whole imported over 500 kilograms of cocaine.
 
 
 4
 In calculating Spears' sentencing guideline range, the probation officer suggested that Spears was a manager or supervisor in the offense and should get a three-level increase from the base offense level under section 3B1.1(b).* Spears contested the adjustment, but the district court found that it was appropriate because Spears managed part of the operation of an extensive conspiracy by taking charge of many kilograms of cocaine. The court stressed that the size of the operation was a factor supporting the adjustment.
 
 
 5
 Spears contends on appeal that the adjustment was incorrectly given in the absence of evidence that he supervised anyone. However, this Court has recently held that a defendant's extensive management responsibility over property or assets of a criminal organization may justify an increase under section 3B1.1(b). United States v. Chambers, 985 F.2d 1263 (4th Cir. 1993). In Spears's case, the district court identified its reasons for finding that Spears was a manager, relying on the scope of the illegal activity and the nature of Spears's participation in it. Spears received huge quantities of cocaine on behalf of the conspiracy and managed a cocaine warehouse located far from the leaders in the conspiracy, making deliveries to customers as requested. For his contribution to the scheme, he was paid more than any of the other American conspirators, as far as is known. On these facts, the district court's determination that he was a manager is not clearly erroneous.
 
 
 6
 Spears also argues that the district court erred in giving him a longer sentence than a co-defendant whom he regards as more culpable. He asserts that the court should have sentenced him at the low end of his guideline range to avoid disparity in their sentences. However, Spears did not make this argument in the district court. The district court did not err in sentencing Spears within the correctly computed guideline range.
 
 
 7
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)